ROBERT DORNAN, use of the Kensington National Bank, *vs.* WILLIAM H. SWIFT and SALLY A. PENNYPACKER, Executors of William G. Pennypacker, deceased.

*Demurrer—Proper parties defendant.*

1. An allegation in a plea that the plaintiff was co-signer with A. B. of the agreement upon which it is sought to charge the executors of A. B. is a matter of fact, but an allegation that the plaintiff was a co-obligor with A. B. in said agreement, is an inference or conclusion of law which can only be determined by an examination and legal interpretation of the agreement itself.

2. The purport of the plea being that as the plaintiff was jointly liable with A. B., the suit should have been against the surviving co-obligor or co-obligors, instead of the executors, of A. B.; and it appearing to the Court upon an examination of the agreement that the parties thereto were severally and not jointly bound, the plea is held insufficient in law and the demurrer thereto sustained.

(*December 21, 1898.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Hoffecker* and *Hoffecker* (*Leonard E. Wales*) for plaintiff.

*Benjamin Nields* for defendants.

Superior Court, New Castle County, November Term, 1898.

DEMURRER. Action of Assumpsit (No. 222, May T., 1896). Facts appear in the opinion of the Court.

GRUBB, J.:—This case now before us on demurrer is an action of assumpsit in which the plaintiff of record is Robert Dornan for the use of the Kensington National Bank of Philadelphia, and the defendants of record are the executors of William G. Pennypacker, deceased.

The suit is brought by the said plaintiff as aforesaid, for the recovery of moneys alleged to be due from the said Pennypacker, in his life time, as his stipulated and several proportionate share for the repayment of a sum of money alleged to have been loaned by said bank, pursuant to an alleged agreement in writing not

under seal. This agreement is fully set forth in the first count of said plaintiff's declaration, as follows:

"We, the undersigned stockholders of the Pennsylvania Feed Water, Heater and Purifier Company, in the amount of stock set opposite our respective signatures, do agree with each other as follows:

We will each loan to the said company such amount of cash as may, from time to time, be required for the purpose of said company, not exceeding in the aggregate five per cent. of the amount of the par value of our respective holdings of stock; and, in order to carry out this loan, we agree that Robert Dornan shall be our agent and trustee, to represent us and to act, in conjunction with the said company, in borrowing, from time to time, money for the use of the said company, from banks or individuals; and that he, the said Robert Dornan, may from time to time, in case the said company cannot repay such loans out of the company's assets, call upon each of us for our proportionate amount of the moneys needed to repay such loans, and we will pay such amounts to him; provided the aggregate asked from each of us does not exceed five per cent. of the par value of our respective holdings of stock. We further agree that this agreement may be used as collateral security, in obtaining the said loans from other parties for the said company.

This agreement is made upon the condition that the stock of said company now in the hands of Robert Dornan in trust, to sell the same and apply the proceeds for the benefit of the company, shall be used by him, with the consent of the company, as collateral security for the protection of the parties who sign this agreement; to the extent of the money which they shall advance hereunder.

WITNESS our hands and seals this tenth day of March, A. D. 1891.

WITNESS:

| | | |
|---|---|---|
| James G. Leiper, | George Cresson, | 100 shares |
| "   "   " | Martin Maloney, | 100 " |
| "   "   " | Thomas A. Pearce, | 50 " |

| | | |
|---|---|---|
| James G. Leiper, | J. Raymon Claghorn, | 50 shares. |
| "        "        " | Robert Dornan, | 100   " |
| "        "        " | W. K. Park, | 50   " |
| "        "        " | Joseph R. Craig, | 50·  " |
| "        "        " | J. W. Torrey, | 50   " |
| "        "        " | Frank F. Bell, | 50   " |
| "        "        " | T. C. Hunter, | 25   " |
| "        "        " | W. G. Pennypacker, | 100   " |
| "        "        " | Frank Prichard, | 39   " |
| "        "        " | S. B. Vrooman, | 50   " |
| Edw. MayHarg, | James G. Leiper, | 50   " |
| James G. Leiper, | Elwood Casselberry, | 10   " |
| "        "        " | Morris W. Rudderrow, | 20   " |
| "        "        " | Antonio C. Pessano, | 20   " |
| "        "        " | W. Smith, | 20   " |
| "        "        " | Samuel L. Bevan, | 30   " |
| "        "        " | G. & H. Barnett, | 50   " |
| "        "        " | J. G. Vogler, Jr., | 50   " |
| "        "        " | A. M. Collins Mfg. Co., | 100   " |
| "        "        " | Josiah B. Seybert, | 100   " |
| "        "        " | Effie T. Disston, | 20   " |
| "        "        " | Jacob S. Disston, | 64   " |
| "        "        " | Horace C. Disston, | 50   " |
| "        "        " | Hamilton Disston, | 33   " |
| "        "        " | D. F. Dickson, | 25   "  " |

In addition to non-assumpsit and other pleas, the defendants in their fifth plea have pleaded as follows :

"5. *Actio non*, etc., because they say that the said plaintiff, Robert Dornan, is the same Robert Dornan who signed the alleged contract or agreement as co-obligor with the said William G. Pennypacker, as mentioned and set forth in the said first count in said plaintiff's declaration, and that said plaintiff is also the same Robert Dornan who endorsed the alleged promissory notes, under and pursuant to said alleged contract or agreement, in which he was and is a co-obligor with the said William G. Pennypacker, and upon which the aforesaid action is brought; that the said Robert Dornan thereby became and still is legally interested

both as plaintiff and defendant in the aforesaid action, and this they are ready to verify.''

To this plea the plaintiff has demurred, on the ground that it is not sufficient in law to bar or preclude the plaintiff from having or maintaining his said action for the particular reason specified in his demurrer. To this there is a joinder in demurrer by the defendants.

Without passing upon all the various objections which have been or might have been presented by the plaintiff against this plea, it will suffice for the determination of the matter now before us if we merely consider and decide whether or not said plea is bad in substance and essentially insufficient in law to defeat the plaintiff's action.

The defendants in their said fifth plea allege in substance: first—that the plaintiff, Robert Dornan, was a co-signer of said alleged agreement with said Pennypacker; and second—that he was also a co-obligor with him in said agreement upon which this action is brought. ' But the first is a matter of fact, whilst the second is an inference or conclusion of law, which can only be determined by an examination and legal interpretation of the agreement itself.

The purport of this plea, as we understand, is that said Dornan was jointly liable with Pennypacker, under said agreement, to repay the sum of money for which Pennypacker's executors are sued in this action on the ground that he was in his life-time severally and solely liable to do so, and that, therefore, Pennypacker's surviving co-obligor or co-obligors, instead of his executors, should be the defendants in this suit; and consequently there can be no recovery therein for want of the proper defendant or defendants.

. As already suggested, the question whether or not the defendants' legal inference that Pennypacker was liable jointly, and not severally, for the sum sued for in this action, depends upon what is the true interpretation and construction, in legal contemplation, of the language and meaning of the said agreement itself.

Upon examination of its provisions it plainly appears that it was made for the purpose of borrowing money for the use of the

Pennsylvania Feed Water, Heater and Purifier Company, whereof the parties thereto were respectively stockholders, and also of repaying the borrowed money to the lenders, as stipulated in said agreement. In fulfillment of this purpose it is therein, in effect, stipulated that each of the said parties shall be liable pursuant to said agreement, for the repayment of the money so borrowed, in an amount of cash not exceeding five per cent. of the amount of the par value of his respective holdings of stock; and further, that each shall, in case the said company can not repay the said borrowed money out of the company's assets, pay to Robert Dornan (the plaintiff in this suit as said plea alleges) upon his call or demand for the repayment of the bank, or other lenders thereof, his, the said stockholder's proportionate amount of said borrowed money, provided such proportionate amount shall not exceed five per cent. of the par value of his respective holdings of stock.

It is also therein stipulated that said agreement shall be used as collateral security for the repayment of said borrowed money.

So that by the express provisions of this agreement, it is manifest that the parties thereto did not engage or agree that they should jointly pay said borrowed money, or any portion thereof, but on the contrary that each of them severally should alone pay his separate proportionate share thereof merely.

Therefore, according to our view of the proper legal interpretation and effect of this agreement, the said William G. Pennypacker, as one of the parties thereto, was in his life-time liable severally to pay his said respective proportionate share only, and no more, of the overdue money borrowed pursuant thereto, to the said Robert Dornan on demand, for the said purpose of repaying the lender thereof, in case the said Pennsylvania Feed Water, Heater and Purifier Company could not then repay said money out of its assets.

Consequently he was liable to be severally sued in his life-time for his said respective proportionate share, or any part thereof, then due and unpaid, and his said executors may since his decease properly be sued as defendants for the recovery of

said share, or any portion thereof, still remaining due and unpaid.

The plaintiff's demurrer is therefore sustained and the defendant's fifth plea is adjudged by the Court to be insufficient in law.